UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BEAVER,

                    Plaintiff,

          v.

UNITED STATES OF AMERICA,

                    Defendant.

CASE NO. 2:25-cv-00557-LK

ORDER DENYING MOTION TO STAY

        This matter comes before the Court on Plaintiff Ronald Beaver's Rule 59(e) Motion to Stay Enforcement of IRS Summons Pending Discovery of Evidence and Grant of Relief in Related Case. Dkt. No. 23. For the reasons described below, Mr. Beaver's motion is denied.

## I.    BACKGROUND

        Mr. Beaver, a pro se litigant, sued the U.S. Internal Revenue Service ("IRS") at least twice last year: in *Beaver v. Does 1-10 and the United States of America*, No. 2:25-cv-00454-LK (W.D. Wash, filed Mar. 13, 2025) ("*Beaver I*"), and in this case ("*Beaver II*"). Both suits involve

ORDER DENYING MOTION TO STAY - 1

summonses the IRS sent to banks in connection with an investigation into Mr. Beaver's tax returns, or lack thereof, for several recent years.

In *Beaver I*, Mr. Beaver alleges that the IRS sent a summons in December 2024 to Wells Fargo for Mr. Beaver's financial records, but failed to provide him sufficient notice, as required by 26 U.S.C. § 7609(a). *Beaver I*, No. 25-cv-0454, Amended Complaint, Dkt. No. 19 at 2–4 (Aug. 4, 2025). Based on this alleged deficiency, Mr. Beaver avers that the IRS violated 12 U.S.C. §§ 3402, 3403, and 3405 (sections of the Right to Financial Privacy Act, or "RFPA") and seeks damages and injunctive relief preventing the IRS from retaining or using his financial records. *Id.* at 15; *see* 12 U.S.C. §§ 3417–18. The Court denied the IRS's motion to dismiss, finding that at the pleading stage Mr. Beaver had "plausibly alleged that the procedures followed by the IRS" violated Title 26, so "the Court cannot conclude that the disclosure at issue is exempt from RFPA and its waiver of the United States' immunity." *Beaver I*, Dkt. No. 26 at 10–11. The litigation is ongoing. *See id.,* Dkt. Nos. 28–40.

In this case—filed two weeks after *Beaver I*—Mr. Beaver sought to quash, pursuant to 26 U.S.C. § 7609(b)(2), summonses that the IRS issued to Wells Fargo and Bank of America in March 2025. *See generally* Dkt. No. 1; Dkt. No. 7 at 3. On November 17, 2025, the Court granted the IRS's motion to enforce the Wells Fargo summons and denied Mr. Beaver's motion to quash. Dkt. No. 21.[1] The Court determined that the IRS had made a prima facie case that the summons was valid, which Mr. Beaver had failed to rebut, in part because 26 U.S.C. § 7602 "explicitly authorizes" the Secretary of the Treasury (or various subordinates) to issue summonses, and Mr. Beaver had not shown "an abuse of process or lack of institutional good faith." *Id.* at 4–8. The Court entered judgment in favor of the IRS in this case. Dkt. No. 22.

[1] The Court determined that the Bank of America summons was moot because Bank of America had already responded to the summons, informing the IRS that Mr. Beaver did not have an account with them. *Id.* at 3.

ORDER DENYING MOTION TO STAY - 2

Post-adverse-judgment, Mr. Beaver now moves under Federal Rule of Procedure 59(e) to "temporarily stay enforcement of IRS summons pending discovery of evidence and grant of relief" in *Beaver I*. Dkt. No. 23 at 1. The IRS opposed the motion, Dkt. No. 24, and Mr. Beaver replied, Dkt. No. 25 at 2–3.

## II.    DISCUSSION

### A.    Legal Standards

Mr. Beaver's request is made under Rule 59(e), but purports to request a stay of the judgment. Dkt. No. 23. The IRS argues that his request is procedurally improper because a stay does not "alter or amend" a judgment and is properly requested under Rule 62. Dkt. No. 24 at 3. The Court agrees.

Under Rule 59(e), a party may move to have the court amend its judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)); *see also Carroll*, 342 F.3d at 945 (a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" (citation omitted)).

ORDER DENYING MOTION TO STAY - 3

As the United States points out, Dkt. No. 24 at 2, a stay of enforcement is not appropriately requested via a Rule 59(e) motion. Instead, Rule 62 governs. Fed. R. Civ. P. 62. Although the Court has discretion to grant a stay under that Rule, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Four factors are relevant: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Id.* at 434 (citation modified). "[I]f the [movant] has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the [movant's] proof regarding the other stay factors." *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011).

Under either standard, Mr. Beaver's motion lacks merit.

**B.    A Stay Is Not Warranted**

Mr. Beaver argues that if he prevails in *Beaver I*, it could result in "an injunction prohibiting the IRS (per 12 U.S.C. § 3418) from using the financial records derived from [the December 2024 Wells Fargo summons] to inter alia issue [the March 2025 Wells Fargo summons]." Dkt. No. 23 at 4. This is because IRS Agent Sandy Bachman issued the March 2025 summons based on information that she received from the allegedly defective December 2024 summons. *Id.* at 4; *see* Dkt. No. 7 at 2–3 (Agent Bachman's declaration that she "became aware of additional Financial accounts associated with Ronald Beaver" based on records received from Wells Fargo in response to the December 2024 summons). Mr. Beaver requests that the Court alter its previous order, Dkt. No. 21, to "temporarily stay" enforcement of the March 2025 summons in order to "maintain the status quo" and prevent "procedural irregularity warranting future motion for relief or reversal on appeal and attendant waste of judicial resources"; potential additional violations of his "right to

ORDER DENYING MOTION TO STAY - 4

financial privacy"; "waste of resources by the involved financial institution, Wells Fargo Bank, N.A."; and "the United States benefitting from the bad-faith, *ultra vires*, and possibly illegal acts of its agent(s)." Dkt. No. 23 at 5.

Even if Rule 59(e) were the proper mechanism to seek a stay (it is not), a Rule 59(e) motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945. Mr. Beaver's theory in this case was that the IRS agents who issued the March 2025 summons to Wells Fargo did not possess the statutory authority to do so. *See* Dkt. No. 1 at 13–14. At no point prior to this motion did he argue that the March 2025 summons was improper because it was based on the earlier, allegedly-insufficiently-noticed summons from December 2024. And he had ample opportunity to do so: the IRS filed the Bachman Declaration on May 30, 2025, Dkt. No. 7, providing Mr. Beaver with all the information needed to seek leave to amend his petition or otherwise assert this new argument.

Mr. Beaver points to the Court's order denying the IRS's motion to dismiss in *Beaver I* to support his motion, Dkt. No. 23 at 4, but he does not explain why he needed to wait until after the motion to dismiss had been resolved to introduce his theory regarding the connection between the December 2024 and March 2025 summonses. That Mr. Beaver adequately stated a claim in *Beaver I* does not change the record or arguments presented in this case prior to the Court's judgment. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("To put it plainly, courts call balls and strikes; they don't get a turn at bat." (citation modified)); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

Because Mr. Beaver's argument that the March 2025 summons was tainted by the improper issuance of the December 2024 summons has been available to him since at least the filing date of

ORDER DENYING MOTION TO STAY - 5

Bachman's declaration, the issue could reasonably have been raised earlier in the litigation. *Carroll*, 342 F.3d at 945. And Mr. Beaver has failed to demonstrate any manifest errors of law or fact based on the record and argument that the parties timely presented to the Court in this matter. For the same reasons, Mr. Beaver has failed to show likelihood of success on the merits of his late-breaking arguments in this case. Nor has he demonstrated that the injuries he complains of are irreparable or that his motion is necessary to prevent manifest injustice. The Court will not disturb its prior judgment that the March 2025 summons at issue in this case was "valid and fully enforceable." Dkt. No. 21 at 8.

### III.  CONCLUSION

For the foregoing reasons, Mr. Beaver's motion, Dkt. No. 23, is DENIED.


Dated this 1st day of April, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION TO STAY - 6